ALLEN, Acting Chief Judge.
This appeal is prosecuted by the defendant and counter-plaintiff assigning as error that part of a summary final judgment entered by the court below wherein the court *33 granted plaintiff’s motion for summary judgment as to plaintiff’s complaint and also granted plaintiff’s motion for summary judgment as to defendant’s counterclaim.
Appellee, plaintiff below, is an insurance agent and brought suit for an amount of premiums alleged to be due on a renewal Workmen’s Compensation and Employer’s Liability Policy sold to defendant by plaintiff. Defendant is in the tile roofing business and the policy was intended to cover its employees. In making its disposition of the motion for summary judgment which was favorable to plaintiff, the court had before it the amended complaint, answer, counterclaim and reply and the affidavits filed in support of and in opposition to the motion; also the insurance policy involved in this action. Prior to final judgment, defendant’s motion to join the carrier, Public Service Mutual Insurance Company, as a necessary party defendant to the counterclaim was granted.
It appears that when the policy in question was sold, or at the date of its renewal, defendant’s employees were classified as tile workers and premiums were charged accordingly. Subsequently, and according to defendant-appellant, after the policy was cancelled, defendant’s employees were reclassified as tile roofers by the Rating Bureau which resulted in an already earned and therefore retroactive increase in premiums due.
The upshot of - the dispute goes to who should be out of pocket for the resultant increase in premiums brought about by the reclassification. If, as plaintiff claims, defendant should be charged for the increased premiums, defendant is indebted to plaintiff as shown in the statement of account attached to the complaint in the amount of $582.85. On the other hand, if, as defendant claims, the increased premiums should be borne by plaintiff, defendant would be entitled to a refund of $549.35.
The issue of material fact which defendant-appellant contends should be submitted to a jury is who originally classified defendant’s employees as tile men. The affidavits of the parties are in conflict as to this issue. Defendant contends that in reliance on plaintiff’s classification of the employees and the expected premiums to be paid based on such classification, it accordingly adjusted its roofing costs and is damaged thereby to the extent of increased premiums. Defendant further states that plaintiff was fully aware of the nature of its (defendant’s) business and negligently made the classification he did to the pecuniary detriment of the defendant. Plaintiff, however, states that the question of classification, and premium costs resulting therefrom, are controlled by the terms of the policy and further that any representations as to the classification of employees made at the time the policy was sold were made by defendant.
The pertinent parts of the respective affidavits as to who classified the defendant’s employees at the time of the sale are set out as follows:
Paragraph 5 of plaintiff’s affidavit states:
“That when the policy was sold, certain employees of the defendant, Tropical Roofing Company, Inc., * * * were classified as tile men by the defendant, Tropical Roofing Co., Inc. * * * because they handled roofing tiles.”
Paragraph 3 of defendant’s opposing affidavit states:
“That the classifications adopted by the aforesaid insurance policies were classified in their respective categories by Louis A. Charnow, plaintiff, at the time the insurance policies were ordered by the defendant’s agent and general manager, being the affiant.”
It is the inconsistency of these two paragraphs which defendant contends raised an issue of material fact which could not be disposed of on motion for summary judgment.
*34 It is noted that the policy was introduced as plaintiff’s Exhibit C; that plaintiff filed a request for admissions, to-wit, that Exhibit C is the policy issued to defendant on which action is brought and that reclassification of defendant’s employees was made by the Industrial Commission and not by plaintiff. No reply was given to the aforesaid request for admissions. The policy clauses aforementioned are set out as follows :
“1. Premiums: The premium bases and rates for the classifications of operations described in the declarations are as stated therein and for classifications not so described are those applicable in accordance with the manuals in use by the company. This policy is issued by the company and accepted by the insured with the agreement that if any change in classifications, rates or rating plans is or becomes applicable to this policy under any law regulating this insurance or because of any amendments affecting the benefits provided by the workmen’s compensation law, such change with the effective date thereof shall be stated in an endorsement issued to form a part of this policy.
^ ^ ^
“The premium stated in the declarations is an estimated premium only. Upon termination of this policy, the earned premium shall be computed in accordance with the rules, rates, rating plans, premiums and minimum premiums applicable to this insurance in accordance with the manuals in use by the company. If the earned premium thus computed exceeds the premium previously paid, the insured shall pay the excess to the company. If less, the company shall return to the insured the unearned portion paid by the insured. All premiums shall be fully earned whether any workmen’s compensation law, or any part thereof, is or shall be declared invalid or unconstitutional.
* * * * ‡ *
“4. Inspection and Audit: The company and any rating authority having jurisdiction by law shall each he permitted to inspect the workplaces, machinery and equipment covered by this policy and to examine and audit the insured’s books, vouchers, contracts, documents and records of any and every kind at any reasonable time during the policy period and any extension thereof and within three years after termination of this policy, as far as they relate to the premium bases or the subject matter of this insurance.”
We consider the conflicts in the affidavits relative to the person responsible for the original classification of the workers immaterial in view of the fact that the policy, accepted by the employer as outlined above, stated:
“The premium stated in the declarations is an estimated premium only. Upon termination of this policy, the earned premium shall be computed in accordance with the rules, rates, rating plans, premiums and minimum premiums applicable to this insurance in accordance with the manuals in use by the company. If the earned premium thus computed exceeds the premium previously paid, the insured shall pay the excess to the company. If less, the company shall return to the insured the unearned portion paid by the insured * * * ”
The defendant-appellant admits that the audit and classification made by the rating bureau were correct. Thus, defendant does not dispute the fact that its employees were properly classified and that it was legally required to pay the additional premium determined by the state rating authorities. Defendant does contend, however, that the advanced rate caused damage to it in its business dealings.
On oral argument the defendant-appellant stated that the annual premium paid at the old rate was approximately $2,200 *35 and on the adjusted rate $2,700, a difference of something slightly over $500. In its counter-claim, however, defendant does not set forth facts such as would show any appreciable effect on his contract jobs arising from the additional sums he was required to pay under this policy. Furthermore, the defendant is charged with notice of the provisions in the policy that there could be a reclassification in which event he would be required to pay any additional premium resulting from the reclassification.
We, therefore, affirm the lower court.
Affirmed.
SMITH and WHITE, JJ., concur.