397 So.2d 775 (1981)
NATIONWIDE MUTUAL INSURANCE COMPANY, Appellants,
v.
ED SOULES CONSTRUCTION COMPANY, INC., Appellee.
No. VV-397.
District Court of Appeal of Florida, First District.
May 5, 1981.
Earl T. Brushwood of Nohrr, Nohrr, Brushwood & Howze, Tallahassee, for appellants.
No Appearance for appellee.
McCORD, Judge.
Appellant, Nationwide Mutual Insurance Company (Nationwide), appeals from the trial court's summary judgment entered in favor of appellee, ruling that appellee is not liable to appellant Nationwide for earned premiums attributable to classifications of operations not stated in the classification of operation section of a workers' compensation policy, which is the subject matter of this action. We reverse.
In October 1975, Nationwide and appellee entered into an insurance contract, whereby Nationwide would provide workers' compensation insurance coverage for the employees *776 of appellee for one year. Nationwide wrote the policy of insurance and estimated the premium on a rate applicable to a classification of operations entitled "carpentry" based on its initial understanding of the exposure involved in issuing a workers' compensation policy for appellee's business. In August 1976, Nationwide canceled the policy. Subsequently, Nationwide became aware and confirmed through an audit of the records of appellee's business that it had had exposure far greater than that originally compensated due to the fact that numerous operations of appellee's business and its subcontractors had not been included in the original computation of the premium, even though Nationwide, under Florida law, was bound to provide workers' compensation coverage for all employees of appellee and its various nonexempt uninsured subcontractors. The audit disclosed that appellee's subcontractors were engaged not only in the classification "carpentry," but also various separate classifications. Nationwide determined that the additional exposure called for an additional earned premium of $5,254. Appellee denied liability for that premium, and Nationwide brought this suit. The facts are undisputed and both sides moved for summary judgment.
The trial court, in granting summary judgment for appellee, relied upon Maryland Casualty Company v. Jinks, 144 Fla. 373, 198 So. 17 (1940). In that case, the court ruled that the insured was not liable for payment of premiums attributable to classifications of operations not specifically designated in the policy of workers' compensation insurance.
The insurance policy in question sub judice contains the following condition:
The premium stated in the Declarations is an estimated premium only. Upon termination of this policy, the earned premium shall be computed in accordance with the rules, rates, rating plans, premiums and minimum premiums applicable to this insurance in accordance with the manuals in use by the Company. If the earned premium thus computed exceeds the premium previously paid, the insured shall pay the excess to the company, if less, the company shall return to the insured the unearned portion paid by the insured.
(Emphasis supplied.)
The policy further provided:
The Company and any rating authority having jurisdiction by law shall each be permitted to examine and audit the Insured's payroll records, general ledger, disbursements, vouchers, contracts, tax reports and all other books, documents and records of any and every kind at any reasonable time during the policy period and any extension thereof and within three years after termination of this policy as far as they show or tend to show or verify the amount of remuneration or other premium basis, or relate to the subject matter of this insurance.
Thus, the policy clearly provided that the stated premium was an estimated premium only and that, subject to audits and examinations of appellee's records, the true earned premium could be computed at a later date and appellee would be liable for any additional premium found to be due as a result of computations made in that manner.
The holding in the Jinks case does not override the specific terms of the policy in the case sub judice. The Jinks opinion does not relate the specific facts of that case nor does it relate the provisions of the policy involved there. Under the facts of this case and under the terms of the policy in question, Nationwide is entitled to the earned premium due. Compare Tropical Roofing Company v. Charnow, 134 So.2d 32 (Fla.2d DCA 1961).
Reversed.
SHIVERS and JOANOS, JJ., concur.